UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CAROL J. HANNA,

      Plaintiff,

      v.                    No.3:04-cv-1333-J-12TEM

DELTA FAMILY-CARE DISABILITY
AND SURVIVORSHIP PLAN,

      Defendant.

---

## O R D E R

This cause is before the Court on the Plaintiff Carol J. Hanna's motion for summary judgment and accompanying materials in support (Doc. 21), filed February 16, 2006, and on the Defendant Delta Family-Care Disability and Survivorship Plan's motion for summary judgment (Doc. 22) and accompanying materials in support (Docs. 23 and 24), filed February 17, 2006. The Defendant filed a response in opposition to Plaintiff's motion (Doc. 25) on March 6, 2006, and the Plaintiff filed a response in opposition to the Defendant's motion (Doc. 29) on March 13, 2006. On June 7, 2006, the Court heard oral argument on the parties' cross-motions for summary judgment. Upon careful review of the matter, for the reasons set forth below, the Court will deny the Plaintiff's motion for summary judgment (Doc.21) and grant the Defendant's motion for summary judgment (Doc.22).

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Fed.R.Civ.P. 56(c).  The Court's task is not "to weigh the

evidence and determine the truth of the matter but to determine whether there is a genuine

issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  The purpose

of summary judgment is to dispose of unsupported claims or defenses which, as a matter

of law, do not raise issues of material fact suitable for trial.  Celotex Corp. v. Catrett, 477

U.S. 317, 322-23 (1986).  At the hearing on the motions for summary judgment, both

parties agreed that this case is ripe for disposition on the motions for summary judgment

inasmuch as the Court's review is limited to the undisputed record before it.  Transcript of

Summary Judgment Hearing, Doc. 32 at 35-36.

   The Plaintiff filed this ERISA action seeking review of the Defendant's decision to

terminate her long-term disability benefits.  See, Amended Complaint, Doc. 7. Both parties

seek summary judgment in their favor, asserting that the undisputed record demonstrates

that the decision to terminate the Plaintiff's benefits either was arbitrary and capricious,

according to the Plaintiff, or it was not, according to the Defendant.  Under Section 4.03

of the applicable disability plan, Plaintiff is entitled to receive long-term disability benefits

if as a result of demonstrable injury or disease, she is continuously and totally prevented

from engaging in any occupation whatsoever for compensation or profit, including part-time

work. DP 029.[1]

   Plaintiff worked for Delta Air Lines, Inc. as a flight attendant until injuring her back

on the job in November 2001.  See, e.g., HAN 00002. She was approved for long-term

---

[1]    The Declaration of Suzanne Arpin, Esq. (Doc,.23), contains as attachments A, B, and C, the applicable Disability Plan documents and the administrative record of the Plaintiff's claim. The Court cites the relevant Plan documents as "DP xx" and the relevant portions of the administrative record as "HAN xxxxx" throughout this Order.

disability benefits (HAN 00262) and her treating physician, Dr. Graham-Smith provided information, including notes from her office visits and in January 2003, a Functional Capacity Worksheet (HAN 000233), to the Defendant regarding her condition. See, generally, HAN 00017-00038 (outlining the information received and reviewed by the Defendant at various stages of her claim procedure). Based on the information provided, the Defendant determined that she was no longer disabled under the terms of the Plan, that is, no longer unable to engage in any occupation whatsoever, including part-time work, and terminated her long-term disability benefits effective March 21, 2003. Doc.22, Exh. A. The Plaintiff appealed that decision, providing information from her physical therapist and some additional office notes from Dr. Graham-Smith, but the termination decision was upheld. HAN 000023-000026; HAN 00195-00196. She then made a final appeal of the termination of her benefits to the Defendant Plan Committee on August 4, 2003, submitting additional information from Dr. Graham-Smith. HAN 000026, HAN 000035-000037; HAN 00157-00159. On June 22, 2004, the Defendant Plan Committee upheld the denial of her long-term disability benefits effective March 21, 2003. HAN 00001-00007. This suit followed and the Court now reviews the Defendant Plan Committee's final decision to terminate benefits under the arbitrary and capricious standard.[2]

The Plaintiff asserts that the record contains objective evidence of her physical condition (back problem) that supported her reports of continued pain preventing her from

---

[2]     The Defendant correctly points out that many issues raised in the Plaintiff's motion for summary judgment concern aspects of the Defendant's claim review process before the Defendant Plan Committee's final decision to uphold the termination of her long-term disability benefits. The Court confines its review to the final denial decision (HAN 000001-000007) and whether that decision was arbitrary and capricious.

being able to work and that ultimately required additional surgery. She contends that the Defendant focused only on evidence that would support its denial, therefore its decision to terminate her long-term disability benefits was arbitrary and capricious.

The Defendant asserts that it reviewed the record in its entirety, and that the record showed decreasing pain to the point where some days the Plaintiff was pain free, increasing physical activity like driving, household chores, and exercise, and functional capacity exam results indicating that as of March 21, 2003, she could perform some sedentary work. The Defendant points out that regardless of the nature of the Plaintiff's physical condition, the pertinent inquiry is whether given that condition and the accompanying pain, she was able to perform some work, including part-time work, at the time her benefits were terminated.

The parties agree that the arbitrary and capricious standard of review applies in this case. Under that standard, the plan "administrator's fact-based determinations will not be disturbed if reasonable based on the information known to the administrator at the time the decision was rendered." Parramore v. Delta Air Lines, Inc., 129 F.3d 1446, 1451 (11th Cir. 1997). The Court must determine whether there was some reasonable basis for the determination to terminate benefits based on the facts known at the time the decision was made. Id. (citations omitted); Turner v. DeltaFamily-Care Disabilty and Survivorship Plan, 291 F.3d 1270, 1273 (11th Cir. 2002). The administrative record is examined in its entirety. Parramore, 129 F.3d at 1452.

Under the arbitrary and capricious standard of review, whether the Court or anyone else would or could have reached a different conclusion in reviewing the record is

4

immaterial. <u>Turner</u>, 291 F.3d at 1274. As long is there is evidence to support the conclusion reached by the Defendant, the Court must affirm its determination.

The Defendant's final decision specifies the evidence it relied upon, which included the information provided by Plaintiff's physician, and indicates that the Defendant Plan Committee considered and weighed much of the information that the Plaintiff has pointed to in her submissions. HAN 00001-00007. The Court finds that this is not a case where the Defendant Plan Committee ignored relevant evidence or reached conclusions contradictory to or unsupported by the record before it in making its determination to terminate Plaintiff's benefits. While the record arguably could support a contrary decision, the Court finds that it also supports the final termination of benefits decision made by the Defendant Plan Committee.

The Defendant Plan Committee acknowledged the opinion of the Plaintiff's treating physician that she met the Plan definition for long-term disability in that she was totally and completely disabled from performing any occupation, but determined "that assessment seemed contradictory to her actual activities of daily living and also to statements in his [the treating physician's] office notes." HAN 00003. The Defendant Plan Committee's final decision describes its review and assessment of the record concerning Plaintiff's claim and notes that at the time her benefits were terminated, the record showed that "her pain had subsided to the point that on some days she was pain free and she was capable of engaging in many physical activities." HAN 00004. The final decision also reviews and explains how the Defendant Plan Committee assessed several seemingly contradictory statements by Plaintiff's treating physician Dr. Graham-Smith. HAN 00005-00007.

The Court finds that the record contains evidence sufficient to support the Defendant Plan Committee's conclusion that the Plaintiff could perform some sedentary part-time work at the time her long-term disability benefits were terminated.  Under the arbitrary and capricious standard, the most deferential standard of review in ERISA cases, the Court cannot find that the Defendant's decision was unreasonable or unsupported by the record before it.

Accordingly, it is

ORDERED AND ADJUDGED:

1.      That the Plaintiff's motion for summary judgment (Doc. 21) is denied; and

2.      That the Defendant's motion for summary judgment (Doc. 22) is granted and the Clerk shall enter judgment on behalf of the Defendant and against the Plaintiff with costs to be assessed according to law and shall terminate all pending motions, hearings, and deadlines.

DONE AND ORDERED this 6TH day of July 2006.


Howell W. Melton
SENIOR UNITED STATES DISTRICT JUDGE



c:      Counsel of Record

6